Ludwig Svoboda, Frantiska Mikulecka, John Svoboda, and Anton Svoboda, 1700; Nellie G. Halliday, 1701; Edna Elma Cone, 1702; Sherman Scott, 1703; Mathilda Hieronymus Oglesby, 1704; Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed March 11, 1931.*

Claimants pro se.

Oscar E. Carlstrom, Attorney General; Carl I. Dietz, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

Claimants in these cases are the heirs of deceased soldiers of the World War to whom compensation had been allowed under the provisions of the Act approved May 3, 1921, and generally called the Soldiers' Bonus Act. After the compensation had been allowed each of the soldiers died before the vouchers issued to them had been paid. Section 3 of the Act terminating the Service Recognition Board, approved July 11, 1927, provides that in all cases where compensation has been allowed by the recognition board but payment has not been made it is the duty of the Adjutant General, as soon as satisfactory proof is furnished him, locating the soldier or his heirs, to certify such fact to the State Treasurer who shall make payment of the sum so allowed by the recognition board to the person entitled thereto.

After the passage of the Act of July 11, 1927, and before the Adjutant General had approved and certified their claims in accordance with its provisions the appropriations made for the payment of compensation payable under it had lapsed so that no funds were available out of which to pay them. Claimants thereupon filed their claims in this court asking that awards be allowed them for the respective amounts of compensation allowed said deceased soldiers and remaining

unpaid. The Attorney General concedes the claims are just and that awards should be made the respective claimants for the amounts asked by them respectively.

Claimants Ludwig Svoboda, Frantiska Mikulecka, John Svoboda and Anton Svoboda are the heirs at law of Frank Svoboda to whom compensation in the sum of $267.50 had been allowed by the Service Recognition Board and who died before it was paid. The claims of these persons, as heirs of such deceased soldier, was approved by the Adjutant General, as required by said Section 3, on May 26, 1930. It is therefore ordered that they be allowed the sum of $267.50 to be paid to them jointly.

Claimant Mrs. Nellie G. Halliday is the sole heir at law of Henry Evans Halliday, Jr., to whom compensation in the sum of $106.50 had been allowed by the Service Recognition Board and who died before it was paid. The claim of Mrs. Halliday, as heir of said deceased soldier, was approved by the Adjutant General, as required by said Section 3, on January 13, 1930. It is therefore ordered that she be allowed the sum of $106.50.

Claimant Mrs. Edna Elma Cone is the sole heir at law of Jean Richard Cone to whom compensation in the sum of $235.50 had been allowed by the Service Recognition Board and who died before it was paid. The claim of Mrs. Cone, as heir of said deceased soldier, was approved by the Adjutant General, as required by said Section 3, on December 20, 1929. It is therefore ordered that she be allowed the sum of $235.50.

Claimant Mrs. Mathilda Hieronymus Oglesby is the sole heir at law of Charles Byron Oglesby to whom compensation in the sum of $241.50 had been allowed by the Service Recognition Board and who died before it was paid. The claim of Mrs. Oglesby, as heir of said deceased soldier, was approved by the Adjutant General, as required by said Section 3, on October 24, 1930. It is therefore ordered that she be allowed the sum of $241.50.

Claimant Sherman Scott is the sole heir at law of Robert Scott to whom compensation in the sum of $254.00 had been allowed by the Service Recognition Board and who died before it was paid. The claim of Mr. Scott, as heir at law of said deceased soldier, was approved by the Adjutant General, as required by said Section 3, on January 27, 1930. It is therefore ordered that he be allowed the said sum of $254.00.